**NORTH END OIL, LTD., Plaintiff,**

v.

**M/V OCEAN CONFIDENCE, her appurtenances, earned freight, and any and all other operators, charterers, and/or agents, Defendant.**

**No. CV 91–1034–RJK.**

United States District Court, C.D. California.

Oct. 4, 1991.

Robert C. Garvie, Sean A. Cottle, Boughey, Garvie & Bushner, San Francisco, Cal., for plaintiff.

William L. Robinson, Matthew P. Vafidis, Kathy W. Stein, Lillick & Charles, Long Beach, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, Senior District Judge.

### PROCEDURAL BACKGROUND

On February 26, 1991, North End Oil, Ltd. ("NEO") filed a complaint *in rem* against the vessel M/V Ocean Confidence. This Court issued a warrant for the arrest of the vessel. On March 1, 1991, claimant Mitsui O.S.K. Lines, Ltd. ("Mitsui"), entered a restricted appearance, to defend on behalf of the vessel. Mitsui eventually substituted a letter of credit as security for the vessel and obtained its release.

Mitsui now moves this Court to (1) quash the warrant of arrest issued in this matter against the M/V Ocean Confidence; (2) release the security which now substitutes for the vessel, M/V Ocean Confidence; and (3) dismiss the complaint for lack of *in rem* jurisdiction and failure to state a claim upon which relief can be granted.

After oral argument, the Court ordered supplemental briefing on how English law would apply to this case.

### FACTUAL BACKGROUND

Decade Shipping, the foreign corporation that owns the vessel Ocean Confidence, "bare-boat" chartered the vessel to Derby Shipping. Derby Shipping then "time-chartered" the vessel to Mitsui, which then "sub-time-chartered" it to Asian Express Lines.

The underlying dispute involves a 1990 contract between NEO and Panglobe (the agent for Asian Express Lines) for the sale/purchase of bunkers to be used on the vessel. NEO did not receive payment for the bunkers, and claims that it therefore possesses a maritime lien pursuant to both the terms of the purchase/sale contract and general maritime law.

### DISCUSSION

The NEO form sales contract expressly provides that the contract is to be governed by English law and that the parties submit to the jurisdiction of English courts. (Clause 17 of the contract.) Ironically, NEO argues that this forum selection clause does not govern. The Court holds that it does and that the case is governed by English law.

An English court would dismiss the case because it would not recognize the maritime lien. An action *in rem* must be initiated by a writ issued by the Admiralty Registry of the High Court and must be served within the High Court's jurisdiction. Since NEO does not have a writ issued by

the English High Court and has not served the vessel in the English High Court's jurisdiction, an English court would not recognize the maritime lien.

Even if the M/V Ocean Confidence had been served within the English Admiralty Court's jurisdiction, an English court would still dismiss the case because NEO does not have a right to proceed *in rem* against the vessel.

An English Court would apply the Supreme Court Act of 1981 (the Act). The case would come under § 20(2)(m) of the Act which covers "[a]ny claim in respect of goods or materials supplied to a ship for her operation or maintenance."

An *in rem* proceeding on a claim covered by § 20(2)(m) is governed by § 21(4) of the Act if (1) the claim arises in connection with a ship and (2) the person who would be liable on the claim in an action in personam (the relevant person) was, when the cause of action arose, the owner or charterer of, or in possession or control of, the ship. Clearly this claim is covered by § 21(4) because the claim arose in connection with the Ocean Confidence, and the person liable on the claim in an action in personam would be Asian Express Lines, the charterer of the ship.

Under § 21(4) an action *in rem* against a ship may be brought in the High Court, whether or not the claim gives rise to a maritime lien on that ship, only if at the time that the action is brought the "relevant person" (Asian Express Lines) is either the beneficial owner of the ship as respects all the shares in it, or the charterer of it under a charter by demise.

Since Asian Express Lines is neither the beneficial owner of all shares in the ship, nor the charterer of the ship under a charter by demise, the English court would hold that there is no statutory right to arrest the ship, and would dismiss the case.

■ NEO argues that this is a procedural matter and that, under choice of law principles, U.S. procedural law should apply. The Court disagrees. First, the Court is not convinced that this is a matter of procedure. Second, even if it is a matter of procedure, the forum selection clause of the contract overrides the choice of law principles that would otherwise apply and provides that English law applies. By agreeing to submit to English law, NEO has, in effect, given up any right it had to utilize U.S. procedural law.

■ Third, even if English law only governed the substantive aspects of the case, NEO still may not proceed *in rem* because it does not have the necessary underlying right to a maritime lien. NEO is attempting to use a procedural device of U.S. law, the *in rem* action, to create the underlining substantive right to a maritime lien. Under English law NEO has no substantive right to a maritime lien, and therefore, may not use U.S. procedural law to create such a right.

NEO argues that the terms of the contract provide for a maritime lien. (Clauses 6.5 and 6.6). The Court interprets these clauses as statements of the rights that the parties have under the applicable English law. A maritime lien may be enforced pursuant to Clause 6.5 only if it otherwise accords with English law. Similarly, Clause 6.6 entitles a buyer to assert all the rights it has under English law.

Therefore, the Court holds that English law applies to this case. Since, English law does not recognize an enforceable maritime lien against the M/V Ocean Confidence, and does not give NEO a right to proceed *in rem* against the vessel, the Court dismisses the action for lack of jurisdiction. The Court also quashes the warrant of arrest against the Ocean Confidence and releases the security.

THEREFORE, IT IS HEREBY ORDERED THAT the action is dismissed for lack of jurisdiction, the warrant of arrest against the Ocean Confidence is quashed and the security is released.